**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4233**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM STANLEY DIBOH,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:22-cr-00089-BO-1)

_____

Submitted:  May 29, 2024                                        Decided:  June 20, 2024

_____

Before THACKER and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Dismissed in part, affirmed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Charles R. Brewer, Asheville, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Stanley Diboh pleaded guilty pursuant to a plea agreement to distributing a quantity of cocaine base (Count 1), and possession with intent to distribute a quantity of marijuana (Count 2), both in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  Diboh contends that counsel was ineffective for failing to challenge the "lesser included" reference to Count 2 and by not pursuing his objections to the sentencing enhancements at sentencing. Diboh agreed to waive his right to appeal the convictions and whatever sentence was imposed on any ground except ineffective assistance of counsel and prosecutorial misconduct.  The Government seeks to enforce Diboh's appeal waiver, but acknowledges that Diboh's ineffective assistance of counsel claims are outside the scope of the waiver. We dismiss the appeal in part and affirm in part.

When the Government seeks to enforce an appeal waiver, we will uphold the waiver if the record establishes that (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues raised on appeal fall within the waiver's scope.  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).  "Whether a defendant knowingly and intelligently agreed to waive his right of appeal 'must be evaluated by reference to the totality of the circumstances.'"  *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010) (quoting *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002)).  The totality of the circumstances include the defendant's experience, conduct, educational background, and knowledge of his plea agreement and its terms.  *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023).  We conclude that Diboh's appeal waiver is enforceable.

2

The substantive issues underlying Diboh's claim that counsel was ineffective are within the scope of the appeal waiver. We dismiss the appeal as to those issues.

Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance of counsel claims generally are not addressed on direct appeal. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). To demonstrate constitutionally ineffective assistance of counsel, a defendant must establish both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984). An attorney's performance is deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Diboh's claim that counsel was ineffective for not objecting to the "lesser included" reference to Count 2 is not reviewable at this time. The Government provided a reasonable explanation for that reference and there does not appear to be any ground for objection. We also conclude that it does not conclusively appear on the record that counsel was ineffective for not pursuing his objections to the Sentencing Guidelines calculations in the presentence report at sentencing. Even if counsel's objections were sustained, Diboh's

3

Guidelines range would stay the same. There is no indication on this record that Diboh was prejudiced by counsel's decision.

Accordingly, we dismiss the appeal as to those claims barred by the appeal waiver and affirm as to the ineffective assistance of counsel claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*